IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES SCOTT                                                                                       PLAINTIFF

v.                                          Civil No. 4:14-cv-04111

OFFICER OSCAR RODRIQUEZ                                                         DEFENDANT

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Charles Scott filed this case *pro se* pursuant to 42 U.S.C. § 1983 on September 2, 2014.  ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

1.     **BACKGROUND**

At the time Plaintiff filed his Complaint he was an inmate in the Hempstead County Detention Center ("HCDC").  Plaintiff's address of record indicates he is still incarcerated at the HCDC.  In his Complaint, Plaintiff names Officer Oscar Rodriquez as the sole Defendant.  Plaintiff claims that Defendant Rodriguez called Plaintiff names and verbally threatened him.  ECF No. 1, p. 4.

2.  **APPLICABLE LAW**

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 28 U.S.C. § 1983. In order to state a claim under section 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *See West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

3.  **DISCUSSION**

Plaintiff's only claim in his Complaint is that Defendant Rodriquez verbally harassed and threatened him. Taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under section 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin v. Sargent*, 780 F.2d 1334, 1338-1339

(8th Cir. 1985) (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else,* 767 F.2d 516, 517 (8th Cir. 1985) (use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). Accordingly, Plaintiff's claim against Defendant Rodriguez fails as a matter of law.

**4.     CONCLUSION**

For the foregoing reasons, I recommend that Plaintiff's Complaint (ECF No. 1) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **4th day of June 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE